

1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT
9    CENTRAL DISTRICT OF CALIFORNIA
10
11   JIMMY JONES, an individual;     )   Case No. CV 06-06571 DDP (RCx)
     ROBERT M. ROSS, an              )
12   individual ,                    )   **ORDER GRANTING PLAINTIFF'S MOTION
                                     )   FOR DEFAULT JUDGMENT**
13                  Plaintiff,        )
                                     )   [Motion filed on February 23,
14        v.                         )   2007]
                                     )
15   STEPHEN BROWN, an               )
     individual;  MARY BROWN, an     )
16   individual; MILAGRO             )
     ENTERTAINMENT, INC, a New       )
17   York corporation,               )
                                     )
18                  Defendants.       )
                                     )
19   ─────────────────────────────

20        This matter comes before the Court on the plaintiffs' motion

21   for entry of default judgment against defendants Stephen Brown,

22   Mary Brown and Milagro Entertainment Inc.  Plaintiffs' request

23   monetary damages, interest, and attorneys fees.  After reviewing

24   the papers submitted, the Court grants the motion.

25

26   I.   **BACKGROUND**

27        Plaintiffs Jimmy Jones and Robert Ross brought this action to

28   recover funds that they allege are owed to them jointly and

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

20

severally by Defendant Stephen Brown, his wife Mary Brown, and Milagro Entertainment Inc., a corporation that Plaintiffs claim is Stephen Brown's "alter ego."  Plaintiffs allege that Steven Brown has breached a rescission agreement, entered into on March 30, 2006, that purports to unwind previous agreements between the parties.  The rescission agreement was intended to resolve outstanding issues related to Plaintiffs' prior payments to Defendants, and Defendants' issuance of common stock in Public Media Works, Inc. ("PMWI") to Plaintiffs.  In the agreement Steven Brown expressly acknowledges and reaffirms debts to both Plaintiffs.  He also acknowledges and reaffirms debts to David Lane and James Hawse who are not parties to this suit but whose debts are represented, having been assigned to Plaintiff Robert Ross.

Defendant Brown has been served with notice of this action and has failed to appear or otherwise respond to the allegations.  On January 5, 2007, the Clerk of the Court entered default against Defendants.

## II.  DISCUSSION

### A.  Procedural Requirements for Default

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b)(2), which provides that the Court may enter default judgment upon application and absent conditions giving rise to particular exceptions.  Pursuant to Rule 55, no judgment of default shall be entered against an infant or incompetent person unless represented in the action.  If the party against whom judgment by default is sought has appeared in the action, the party shall be

2

1   served with written notice of the application for judgment at least

2   three days prior to the hearing on such application.

3       Moreover, Local Rule 55-1 provides that an application to the

4   Court for default judgment shall be accompanied by a declaration in

5   compliance with Federal Rule of Civil Procedure 55(b)(1) and/or (2)

6   and include the following:

7       (a)   When and against what party, the default was

8             entered;

9       (b)   The identification of the pleading to which default

10            was entered;

11       c)   Whether the defaulting party is an infant or

12            incompetent person, and if so, whether that person

13            is represented by a general guardian, committee,

14            conservator or other representative;

15      (d)   That the Soldiers' and Sailors' Civil Relief Act

16            of the 1940 (50 App. U.S.C. § 520) does not

17            apply; and

18      (e)   That notice has been served on the defaulting

19            party, if required by Federal Rule of Civil

20            Procedure 55(b)(2).

21  Local R. 55-1.

22      Plaintiffs have submitted documentation showing that: (1)

23  the Defendants have failed to answer the Complaint or

24  otherwise appear in the action; (2) on January 5, 2007, the

25  Clerk of the Court entered default against the defendants; (3)

26  at all times relevant to this action, the defaulting party was

27  not an infant, or an incompetent; (4) the Soldiers and

28  Sailors' Civil Relief Act of 1940 (50 App. U.S.C. § 520) does

3

1  not apply; and (5) as the Defendant has not appeared in this

2  action, notice is not required by Fed. R. Civ. P. 55(b)(2).

3  Thus, the Court finds that none of the exceptions of Rule

4  55(b)(2) apply and that the Government has satisfied the

5  requirements of Local Rule 55-1 for entry of default judgment.

6

7  B.    Substantive Requirements for Default Judgment

8        After establishing that the procedural requirements for a

9  default judgment are met, the decision to issue a default

10  judgment is within the Court's discretion.  Aldabe v. Aldabe,

11  616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has

12  outlined seven factors that courts may take into consideration

13  when exercising their discretion as to the entry of default

14  judgment.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (1986).

15  Accordingly, in exercising its discretion, the Court may be

16  guided by the following factors: (1) the possibility of

17  prejudice to the plaintiff; (2) the merits of the plaintiff's

18  substantive claim; (3) the sufficiency of the complaint; (4)

19  the sum of money at stake; (5) the possibility of a dispute

20  concerning material facts; (6) whether the default was due to

21  excusable neglect; and (7) the strong policy underlying the

22  Federal Rules of Civil Procedure favoring decisions on the

23  merits.

24        1.    Plaintiffs' Prejudice

25        The first Eitel factor calls on the Court to consider

26  whether the plaintiffs will suffer prejudice if a default

27  judgment is not entered.  In light of Defendants' failure to

28  appear or respond, if default judgment is not entered

4

1  Plaintiffs would be denied the right to judicial resolution of
2  their claims, and would be without other recourse or recovery.
3  Therefore, the first *Eitel* factor weighs in favor of default.

4              2.   *Merits And Complaint's Sufficiency*

5       The next two *Eitel* factors, addressing the substantive
6  merits and sufficiency of the complaint, call upon the
7  plaintiff to state a claim upon which it may recover.
8  *Pepsico, Inc. v. Cal. Sec. Cas*, 238 F.Supp.2d 1172, 1175 (C.D.
9  Cal. 2002).

10      Plaintiffs have sufficiently alleged the facts giving
11  rise to a claim upon which they may recover.  Plaintiffs
12  complaint provided a copy of the relevant agreement that
13  details Defendants' obligation to pay Plaintiffs' within six
14  months from the date of entry, March, 30, 2006.  Plaintiffs
15  alleged that they have demanded payment however there have
16  been no payments made and that Brown continues to refuse to
17  honor and pay these obligations. The complaint is sufficiently
18  pled to indicate the substantive merits of Plaintiffs' claims
19  for breach of contract.  Therefore, the Court finds that the
20  second and third *Eitel* factors also weigh in favor of granting
21  default judgment.

22              3.   *Amount At Stake*

23      Under the fourth *Eitel* factor, the Court may consider the
24  amount of money at stake in relation to the seriousness of the
25  defendant's conduct.  The Plaintiffs have requested
26  $801,434.22 in monetary damages.  This number reflects the
27  total amount that Brown agreed to re-pay to his creditors,
28  plus interest (10% per annum) calculated by the method

1  specified in the agreement and running up to the filing date
2  of the motion for default.  Plaintiffs also request an award
3  of post-filing pre-judgment interest calculated using the same
4  method.  Plaintiffs finally request an award of $19,628.68 in
5  attorneys fees, calculated pursuant to the Schedule of
6  Attorney's Fees in Local Rule 55-3.

7      In view of the fact that this agreement governed the re-
8  payment of monies given to the Defendant by the Plaintiffs',
9  the amount requested is a direct reflection of the losses
10 Plaintiffs' incurred as a result of Brown's conduct.  It is
11 therefore reasonable and proper.  Plaintiffs' calculation of
12 attorneys fees according to Local Rule 55-3 is a presumptively
13 reasonable method to arrive at the requested amount.  For
14 these reasons, the fourth _Eitel_ factor also weighs in favor of
15 granting a default judgment.

16          4.  *Absence of Material Factual Dispute*

17     The fifth _Eitel_ factor calls on the Court to consider the
18 possibility of dispute as to any material facts in the case.
19 Upon entry of default, all factual allegations set forth in
20 the complaint, except those relating to the amount of damages,
21 will be taken as true.  <u>TeleVideo Systems, Inc v. Heidenthal</u>,
22 826 F.2d 915, 917-18 (9th Cir. 1987).  Because the Defendant
23 has failed to appear to contest any factual allegation, the
24 Court is satisfied that no material factual dispute exists.
25 Thus the fifth _Eitel_ factor weighs in favor of granting
26 default judgment.
27 ///
28 ///

1       5.   *Absence of Excusable Neglect*

2       The sixth factor looks to the possibility of excusable

3   neglect.  Here, it is improbable that the default resulted

4   from excusable neglect.  The Defendant was served on October

5   25, 2006 with a copy of the Summons and Complaint.  Since that

6   time Defendant has made no effort to respond to the Complaint.

7   Given the Defendant's inaction, the Court finds the

8   possibility of excusable neglect unlikely, this factor also

9   weighs in favor of granting default judgment.

10       6.   *Public Policy*

11       The final Eitel factor stems from the policy of the

12   Federal Rules of Civil Procedure favoring decisions on the

13   merits.  Although the Court favors decisions on the merits, at

14   times this is not practicable.  Here, the Defendant's failure

15   to answer the Complaint makes a decision on the merits

16   impractical, if not impossible.  The preference for rulings on

17   the merits is not a requirement; under Rule 55(a), a

18   termination of a case before a hearing on the merits is

19   allowed whenever a defendant fails to defend an action.  Thus,

20   "the preference to decide cases on the merits does not

21   preclude a court from granting default judgment."  Pepsico,

22   238 F.Supp.2d at 1177.

23       Based on the foregoing, the Court enters default against

24   the defendants.

25

26  **III.  CONCLUSION**

27       The Court finds that the plaintiffs are entitled to

28   default judgment in the following amounts: $175,200.00 plus

                                7

1 │ [10% per annum between January 5, 2007 and the Date of

2 │ Judgment] to Jimmy Jones, $626,234.22 plus [10% per annum

3 │ between Jan 5 and Date of judgment] to Robert Ross, $19,628.68

4 │ in attorneys' fees.   The Court instructs the plaintiffs to

5 │ file a proposed judgment in accordance with this order.

6 │

7 │ IT IS SO ORDERED.

8 │

9 │

10 │ Dated:   4-11-07

DEAN D. PREGERSON
United States District Judge

8